IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY WYATT, 26917-0245, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 23-cv-1915-DWD |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Wesley Wyatt, an inmate of the Federal Bureau of Prisons, brings this action concerning his incarceration at Greenville Federal Correctional Center under the All Writs Act, 28 U.S.C. § 1651. (Doc. 1). This petition is actually Wyatt's second attempt to use § 1651 for the very relief he seeks in this case. His original attempt was denied by his sentencing court two months ago. *See, United States v. Wesley Wyatt*, 13-cr-369-01 (W.D. Mo. July 6, 2023) (docket entry 128). On the exact same day that he sought relief in his sentencing court, he also filed his petition before this Court, probably in hope that because he is confined at Greenville he might have a creative second bite at the apple.[1] Though creative, Wyatt's petition fails as presented and must be dismissed under current precedent.

Wyatt is serving a 262-month sentence, in part because he received an enhancement under the Armed Career Criminal Act (ACCA). *United States v. Wyatt*, 853

---

[1] Venue is proper in this Court for a § 2241 petition filed by an innate at Greenville.

F.3d 454 (2017). Over the years, he has challenged his sentence for a variety of reasons, including some challenges to the predicate offenses that were considered when his enhanced sentence was imposed. In the present motion, Wyatt argues that one of his convictions under Missouri state law for a drug offense that was used as a predicate offense has since been determined insufficient to count as a predicate offense for ACCA purposes. In support of his contention, Wyatt cites to a number of recent decisions from the Eighth Circuit Court of Appeals about serious drug offenses for ACCA sentencing purposes. Wyatt argues by citation to precedent from other Circuit Courts of Appeals, that the writ of audita querela should still be available for his challenge because federal courts can use the remedies available at common law to fill gaps in the federal postconviction framework. (Doc. 1 at 4).

Unfortunately for Wyatt, "prisoners cannot avoid the AEDPA's rules by inventive captioning." *Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2005). "Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is the substance that controls." *Id.* In substance, Plaintiff seeks a reduction of his sentence on the premise that one of the underlying convictions used as a premise for his enhanced sentence should not have qualified as a predicate offense. A challenge like this falls squarely within the bounds of § 2255.

A person challenging his federal conviction should first bring a motion to vacate, set aside, or correct sentence before the sentencing court pursuant to 28 U.S.C. § 2255, and

this remedy usually supersedes a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. A § 2255 motion is normally the exclusive means for a federal prisoner to launch a collateral attack. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Where § 2255 proves to be inadequate or ineffective to test the legality of his detention, a federal inmate may turn to § 2241 under some circumstances. *See* 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). However, a § 2241 petition filed by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991); *Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (prisoner challenging federal conviction and sentence should proceed under 28 U.S.C. § 2255).

In Wyatt's situation, he has already pursued a § 2255 motion, to no avail. *See, United States v. Wyatt*, 13-cr-369-01 (W.D. Mo. Sept. 26, 2018) (docket entry 100, denying § 2255 motion). He has also sought and been denied leave by the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion. *See, Wyatt v. United States*, No. 19-1262 (8th Cir. May 29, 2019). And he has attempted other vehicles for his challenges in his criminal case, such as a motion to reduce sentence, and a motion for compassionate release. *See e.g., United States v. Wesley Wyatt*, 13-cr-369-01 (W.D. Mo.). Wyatt's latest challenge is the sort that belongs in a § 2255 motion, or in his case, a motion for leave to file a second or successive § 2255 motion.

Until very recently, if the avenues of relief under § 2255 failed, Wyatt might also have presented a challenge in a properly filed § 2241 petition. *See e.g., Light v. Caraway*, 761 F.3d 809, 811-812 (7th Cir. 2014) (allowing an inmate to pursue a § 2241 petition that

relied on a new decision of statutory interpretation). However, unfortunately for Wyatt, the Supreme Court recently struck down the use of § 2241 as an avenue for federal inmates to challenge their sentence based post-sentencing changes in statutory interpretation. *Jones v. Hendrix*, 143 S.Ct. 1857 (2023) (§ 2241 does not provide an avenue for an auxiliary mechanism for challenges to a federal inmate's sentence premised on an intervening change of statutory interpretation). The Seventh Circuit has adopted the *Jones* reasoning. *Sanders v. M. Joseph*, 72 F.4th 822 (7th Cir. 2023) ("Sanders cannot bring his statutory claim in a § 2241 habeas petition via the saving clause; indeed, 'he cannot bring it at all.'"). Given *Jones* and *Sanders*, it is entirely possible that Wyatt may no longer be able to bring a statutory challenge like the one he presents in this motion at all.

Surely Wyatt would argue that because there is *no* avenue under AEDPA for him to present his statutory claim, then there is all the more reason for the Court to allow him to bring the challenge under § 1651, but this Court finds that such an argument runs directly against the rationale set out in *Jones* and is not persuasive. The *Jones* Court thoroughly explained the historical basis for its holding rooted in the evolution of habeas law, and the express exclusion of a statutory interpretation basis for relief in the text of § 2255. "We now hold that the saving clause does not authorize such an end-run around AEDPA. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." *Jones*, 143 S.Ct. at 1868.

Against the backdrop of *Jones*, it would be ridiculous for the Court to now resort to an antiquated source of habeas relief as a new "end-run" around § 2255.

Neither the Seventh Circuit, nor other appellate courts have allowed § 1651 or the writ of audita querela to be used as a way around the rules and limitations of AEDPA. *See e.g.*, *Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004) (declining a petitioner's ability to seek a writ of audita querela where by contents, the petition clearly sought relief consistent with § 2255 and where the petitioner would need to seek permission from the Seventh Circuit to file a second or successive § 2255 motion); *U.S. v. Terry*, 758 Fed. App'x 888, 889 (11th Cir. 2019) (the All Writs Act is a residual source of authority that does not apply if there are specific statutes, even if those statutes would not warrant relief). Thus, based on existing precedent, and consistent with the Supreme Court's recent holding in *Jones*, this Court finds it appropriate to dismiss Wyatt's petition under § 1651 because the relief he seeks falls squarely within § 2255, and § 1651 does not create an auxiliary source of authority to alter his sentence.

## Disposition

Wyatt's Motion (Doc. 1) under § 1651 for relief from his sentence is **DISMISSED** for lack of jurisdiction. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and to close this case.

**IT IS SO ORDERED.**

Dated: September 15, 2023

DAVID W. DUGAN
United States District Judge

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.